Case 4:14-cv-01065   Document 46   Filed in TXSD on 12/01/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *In re BP p.l.c. Securities Litigation* | No. 4:10-md-02185 |
| HELABA INVEST KAPITALANLAGEGESELLSCHAFT mbH; LÄNSFÖRSÄKRINGAR AB; LANDESBANK BERLIN INVESTMENT GmbH; LBBW ASSET MANAGEMENT INVESTMENTGESELLSCHAFT mbH; SGSS DEUTSCHLAND KAPITALANLAGEGESELLSCHAFT mbH; and UNIVERSAL-INVESTMENT-GESELLSCHAFT mbH, <br><br> Plaintiffs, <br><br> v. <br><br> BP plc, BP AMERICA INC., BP EXPLORATION & PRODUCTION INC., ANTHONY B. HAYWARD, DOUGLAS J. SUTTLES, ANDREW G. INGLIS, DAVID RAINEY, H. LAMAR McKAY, and ROBERT W. DUDLEY, <br><br> Defendants. | No. 4:14-cv-01065 |

## Order

WHEREAS, Defendants in the above-captioned matter have previously filed motions to dismiss various individual actions pending within this Multidistrict Litigation, with supporting memoranda of law, affidavits, exhibits, and arguments presented at oral argument (*see* MDL 2185 Dkt. Nos. 507-509, 514-515 (including attachments 1-51), 594-596, 602 (including attachments 1-7), 627-629, 633 (including attachments 1-77), 685, 717-718, 731-732 (including

attachments 1-34), 799-800, 838, and 965; *see also* MDL 2185 Dkt. Nos. 621 and 949 (transcripts of proceedings before the Court on May 10, 2013 and July 25, 2014) and would and do make and restate those same arguments now in seeking dismissal of the First Amended Complaint ("FAC") in the above-captioned matter;

WHEREAS, plaintiffs in such actions opposed dismissal on a multitude of grounds stated in memoranda of law, affidavits, exhibits, and arguments presented at oral argument (*see* MDL 2185 Dkt. Nos. 550-551 (including attachments 1-47), 568-569 (including attachments 1-56), 570 (including attachments 1-9), 652, 653, 771-772 (including attachments 1-27), 773-774 (including attachment 1), 775 (including attachments 1-22), 777-778, 780-781, 826, 984-985, 987; *see also* MDL 2185 Dkt. Nos. 621 and 949 (transcripts of proceedings before the Court on May 10, 2013 and July 25, 2014);

WHEREAS, the Court previously resolved Defendants' prior-filed motions to dismiss these various individual actions in a series of Orders, including, *inter alia*, the Amended Memorandum and Order entered December 5, 2013 in *Alameda County Employees' Retirement Assoc., et al. v. BP p.l.c., et al.*, No. 4:12-cv-1256 (cons.) (MDL 2185 Dkt. Nos. 672, 706) (the "Amended Alameda Order" or "AAO"); the Amended Order entered December 5, 2013 in *Connecticut Retirement Plans and Trust Funds, et al. v. BP p.l.c., et al.*, No. 4:12-cv-1272 (4:12-cv-1272, Dkt. No. 104) (the "Connecticut Order" or "CO"); the Memorandum and Order entered September 30, 2014 in *South Yorkshire Pensions Authority, et al. v. BP p.l.c., et al.*, No. 4:12-cv-2362 (cons.) (MDL 2185 Dkt. Nos. 1021, 1024) (the "South Yorkshire Order" or "SYO"); the Memorandum and Order entered September 30, 2014 in *Mondrian Global Equity Fund, L.P., et al. v. BP p.l.c., et al.*, No. 4:12-cv-3621 (MDL 2185 Dkt. No. 1014) (the "Mondrian Order" or "MO"); the Memorandum and Order entered September 30, 2014 in *HESTA Super Fund v. BP*

*p.l.c, et al.*, No. 4:13-cv-0129 (MDL 2185 Dkt. Nos. 1023, 1025) (the "HESTA Order" or "HO"); the Memorandum and Order entered September 30, 2014 in *Avalon Holdings, Inc., et al. v. BP p.l.c., et al.*, No. 4:12-cv-3715 (MDL 2815 Dkt. No. 1022) (the "Avalon Order" or "AO"); the Memorandum and Order entered September 30, 2014 in *New York City Employees' Ret. Sys., et al. v. BP p.l.c., et al.*, No. 4:13-cv-1393 (MDL 2185 Dkt. No. 1019) (the "NYC Order" or "NYCO"); the Order entered September 30, 2014 in *Houston Mun. Employees Pension Sys., et al. v. BP p.l.c., et al.*, No. 4:12-cv-3714 (MDL 2185 Dkt. No. 1015); the Order entered September 30, 2014 in *Stichting Pensioenfonds Metaal En Techniek, et al. v. BP p.l.c., et al.*, No. 4:13-cv-0069 (MDL 2185 Dkt. No. 1016); the Order entered September 30, 2014 in *Deutsche Asset Mgmt. Investmentgesellschaft MBH v. BP p.l.c, et al.*, No. 4:13-cv-0887 (MDL 2185 Dkt. No. 1017); the Order entered September 30, 2014 in *KBC Asset Mgmt. NV, et al. v. BP p.l.c., et al.*, No. 4:13-cv-0517 (MDL 2185 Dkt. No. 1018); the Order entered September 30, 2014 in *Nova Scotia Health Employees' Pension Plan v. BP p.l.c., et al.*, No. 4:13-cv-3397 (MDL 2185 Dkt. No. 1020).

WHEREAS, Plaintiffs in the above-captioned matter would and do embrace, espouse, repeat, restate, incorporate by reference, and oppose dismissal on the basis of all arguments previously made by any plaintiff in any individual action pending in this Multidistrict Litigation as if all such arguments were presented by Plaintiffs now;

WHEREAS, the parties and the Court agree that, by doing so, Plaintiffs are fully preserving all appellate rights they would and could have based on all such previously-made arguments opposing dismissal as if those arguments are being litigated and resolved in the above-captioned matter now, while reserving all rights, and further agree that Defendants will be precluded from later arguing in any context whatsoever, including before any appellate court,

that Plaintiffs waived any appellate right related to any such previously-made arguments;

WHEREAS, this Court has already heard, and rejected, Defendants' arguments seeking dismissal on the grounds of *forum non conveniens* and the Securities Litigation Uniform Standards Act of 1998, this Court has already heard and decided not to reach the merits of Defendants' argument seeking dismissal under the Dormant Commerce Clause of the United States Constitution, and Defendants will not seek dismissal of the above-captioned action on any of those grounds;

WHEREAS, in light of the foregoing, Defendants seek entry of an order replicating any issues clearly-resolved by the prior Orders of this Court in their favor while preserving their right to otherwise seek dismissal of the above-captioned action on grounds not covered herein;

IT IS HEREBY ORDERED:

- For reasons stated in AAO at 7-9, 68-76, 85 and 95, the deceit claims to the extent based on Hayward's alleged statements at the November 8, 2007 Houston Forum (*see* FAC ¶334) are hereby dismissed;

- For reasons stated in AAO at 9-10, 43, 95 the claims to the extent based on Hayward's alleged statement during the February 27, 2008 strategy presentation call that BP had "begun to implement a new Operating Management System across all of BP's operations" (*see* FAC ¶338) are hereby dismissed;

- For reasons stated in KBC Order, at 1 and *In re BP p.l.c. Securities Litigation*, 843 F. Supp. 2d 712, 733, 766-78 (S.D. Tex. 2012), the claims to the extent based on portions of the alleged statements in Hayward's speech at BP's Annual General Meeting on April 17, 2008 that BP operates on the "frontiers" of the industry (see FAC ¶342) are hereby dismissed;

- For reasons stated in AAO at 12-15, 68-76, 86 and 95, the deceit claims to the extent based on the alleged statements in BP's Initial Exploration Plan dated March 10, 2009 (*see* FAC ¶¶365-368) are hereby dismissed;

- For reasons stated in AAO at 12-15, 68-76, 86 and 95, the deceit claims to the extent based on the alleged statements in BP's Regional Oil Spill Response Plan for the Gulf of Mexico dated June 30, 2009 (*see* FAC ¶376) are hereby dismissed;

- For reasons stated in AAO at 10, 60-61, 68-76, 85 and 96, the Exchange Act claims to the extent based on Inglis's speech at the Howard Weil Energy Conference on March 22, 2010 (*see* FAC ¶358) are hereby dismissed;

- For reasons stated in *In re BP p.l.c. Securities Litigation*, 4:10-md-2185, 843 F. Supp. 2d 712, 744, 785-86 (S.D. Tex. 2012), the claims based on Dudley's May 6, 2010 speech at the Chief Executive's Club (*see* FAC ¶379) are hereby dismissed;

- For reasons stated in AO at 31-33 and 35, the claims based on Hayward's alleged statement to the press on May 18, 2010 (*see* FAC ¶411) are hereby dismissed;

- For reasons stated in NYCO at 9-12, Rainey is dismissed as a defendant.

- For reasons stated in NYCO at 9-12 and AAO at 60-61, all Exchange Act claims against Inglis are dismissed.

- All of Plaintiff Helaba Invest Kapitalanlagegesellschaft mbH's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be May 31, 2010, are hereby dismissed;

- All of Plaintiff Länsförsäkringar AB's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be June 16, 2010, are hereby dismissed;

- All of Plaintiff Landesbank Berlin Investment GmbH's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be June 16, 2010, are hereby dismissed;

- All of Plaintiff LBBW Asset Management Investmentgesellschaft mbH's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be June 10, 2010, are hereby dismissed;

- All of Plaintiff SGSS Deutschland Kapitalanlagegesellschaft mbH's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be June 25, 2010, are hereby dismissed; and

- All of Plaintiff Universal-Investment-Gesellschaft mbH's claims based on statements made after the date of its final purchase during the Relevant Period, which is believed by such Plaintiff to be June 15, 2010, are hereby dismissed.

IT IS SO ORDERED.

SIGNED at Houston, Texas, on this \_\_\_1\_\_\_ day of \_\_December\_\_, 2016.

KEITH P. ELLISON

UNITED STATES DISTRICT JUDGE